JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**

James Taylor

**DEFENDANTS**

City of Philadelphia, Clifford Gilliam + Shawn Witherspoon

**(b)** County of Residence of First Listed Plaintiff   Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Glen R. Morris
Suite 2226, Land Title Bldg.
100 South Broad St, Philadelphia, PA 19110

Attorneys *(If Known)*

City Law Department
1515 Arch Street, Philadelphia, PA 19102

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | Slander | Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted | ☐ 340 Marine | Liability | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 195 Contract Product Liability | Injury | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Medical Malpractice | | Leave Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| | | | ☐ 790 Other Labor Litigation | | ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation | ☒ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | **IMMIGRATION** | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities Employment | ☐ 535 Death Penalty | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities Other | **Other:** ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | ☐ 448 Education | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

**V. ORIGIN** *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*
42 USC, Sect. 1983

Brief description of cause:
Wrongful arrest, assault, incarceration

**VII. REQUESTED IN COMPLAINT:**

- ☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** *(See instructions):*

JUDGE   N/A

DOCKET NUMBER

DATE   7/15/14

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #        AMOUNT        APPLYING IFP        JUDGE        MAG. JUDGE

**LFR**

**ORIGINAL**

## UNITED STATES DISTRICT COURT

*14-CV-4256*

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: _6244 Osage Ave., Philadelphia, PA 19143_

Address of Defendant: _1515 Arch St., 14th Floor, Philadelphia, PA 19102_

Place of Accident, Incident or Transaction: _Philadelphia, PA ( 60th & Locust Sts.)_
(Use Reverse Side For Additional Space)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes☐  No☒

Does this case involve multidistrict litigation possibilities?   Yes☐  No☒

RELATED CASE, IF ANY:
Case Number: _N/A_   Judge _____   Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐  No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐  No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐  No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐  No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) _____

**JUL 15 2014**

### ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, _Glen R. Morris, Esq_, counsel of record do hereby certify:
☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☐ Relief other than monetary damages is sought.

DATE: _7/15/14_   _____   _33047_
Attorney-at-Law   Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _7/15/14_   _____   _33047_
Attorney-at-Law   Attorney I.D.#

CIV. 609 (5/2012)



**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

ORIGINAL

## CASE MANAGEMENT TRACK DESIGNATION FORM

James Taylor

      v.              :

City of Philadelphia,
Clifford Gillium & Shaun Witherspoon

CIVIL ACTION

NO. **14    4256**

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.       ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.      ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.      ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court.  (See reverse side of this form for a detailed explanation of special
    management cases.)      ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.  (X)

| | | |
|---|---|---|
| 7/15/14 | Glen R. Morris, Esq. | Plaintiff |
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215)893-1222 | (215)557-7651 | pennsylvanialawyer@hotmail.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

JUL 15 2014

$400.

**LFR**

ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**JAMES TAYLOR**                                    CIVIL ACTION

14    4256

vs.                                    :
                                       :
                                       :
                                       :    NO.  14 CV
                                       :
**CITY OF PHILADELPHIA**                :    JURY TRIAL DEMANDED
                                       :

and

**POLICE OFFICER
CLIFFORD GILLIAM**

and

**POLICE OFFICER
SHAWN WITHERSPOON**

## COMPLAINT

   Plaintiff, James Taylor, by and through his undersigned counsel, hereby files the

within Civil Action against the above-named Defendants, and says:

   1.  This is a Civil Action seeking damages against the Defendants for committing acts,

under color of state law, which deprived the Plaintiff of rights secured under the

Constitution and laws of the United States; for conspiring for the purpose of impeding

and hindering the due course of justice, with the intent to deny the Plaintiff equal

protection of laws; and for violations and deprivations of due process; for police

brutality; for refusing or neglecting to prevent such deprivations and denials to the

Plaintiff.  The Court has jurisdiction of this action under 42 U.S.C., Section 1983 and 28 U.S.C., Section 1343.

2.  The Court also has jurisdiction under 28 U.S.C., Section 1331.

3.  The plaintiff, James Taylor, is a citizen and resident of the City of Philadelphia, County of Philadelphia, Commonwealth of Pennsylvania and the United States of America.

4.  Defendants, CLIFFORD GILLIAM and SHAWN WITHERSPOON, were at all material times and dates, police officers employed by the City of Philadelphia and were supervised by Defendant CITY OF PHILADELPHIA.

5.  Defendant, CITY OF PHILADELPHIA, is a municipal corporation, organized under the Laws of the Commonwealth of Pennsylvania.  The PHILADELPHIA DISTRICT ATTORNEY'S OFFICE is under the jurisdiction of the defendant CITY OF PHILADELPHIA.

6.  Plaintiff sues each and all Defendants in both their individual and official capacities.

7.  At all times material to this Complaint, CLIFFORD GILLIAM, SHAWN WITHERSPOON and the CITY OF PHILADELPHIA acted under color of the statutes, customs, ordinances and usage of the Commonwealth of Pennsylvania, the City of Philadelphia, and the Philadelphia Police Department.

## COUNT I

8.  Plaintiff incorporates the allegations contained in paragraphs 1 through 7 as though fully set forth at length herein.

9.  Plaintiff, who is a 14 year veteran of the United States Army and served in the first Gulf War for 9 months in a warzone,  is 49 years of age and has never been convicted of a crime in the Commonwealth of Pennsylvania or anywhere else.

10.  Plaintiff was employed at the time of the incident and has, at all times, been a productive and law-abiding citizen of the Commonwealth of Pennsylvania.

11.  On July 15, 2012 at approximately 10:20 P.M., Plaintiff, who was employed as a security guard, was returning from work on his way home.  He stopped his vehicle near 60th and Locust Streets for the purpose of picking up some matches from a corner deli at that location.

12.  Plaintiff, who was carrying a fully legal, licensed and registered firearm, left his vehicle and, as he did, he pulled his clothing over the firearm so as not to alarm anyone in the store.

13.  Plaintiff proceeded to go into the store to secure the matches and as he exited the business, he was brutally assaulted by Philadelphia Police Officers Gilliam and Witherspoon.

14.  The officers accused the Plaintiff of unlawfully possessing a firearm in violation of the Pennsylvania Uniform Firearms Act.

15.  Plaintiff showed the officers his Florida license to carry which, at that time, was valid in the Commonwealth of Pennsylvania.  Further he showed them his Act 235 card, which also entitled him to carry the firearm.

16.  Despite the Plaintiff's good faith efforts to convince the officers of the legality of his firearm and his licensure to carry the weapon, and despite the fact that the Plaintiff was never seen engaging in any separate or independent illegal actions or activity, he was placed under arrest in a brutal fashion.  His face was slammed against as brick wall, his right arm was twisted, he was forcefully handcuffed and placed in the back of a police cruiser.

17.  Despite the fact that the Plaintiff obviously possessed two forms of valid licensure to carry a firearm, he was taken to the police district located at 55th and Pine Streets whereupon he spent the next three (3) weeks incarcerated.

18.  Further, despite the fact that Plaintiff possessed more than sufficient documentation that he was licensed to carry the firearm, the Philadelphia District Attorney's office refused to drop the charges.

19.  As a result of the arrest and incarceration, Plaintiff lost his newly found job as a security guard and has been unable to secure employment since that time.

20.  On or about May 2, 2013, after a trial before a judge of the Philadelphia Common Pleas Court, the Plaintiff was found not guilty of all charges.

21.  Plaintiff was clearly innocent of all charges – a fact which was certainly known to the Philadelphia Police Department and the Philadelphia District Attorney's Office throughout the proceedings.

22.  Nevertheless, the Plaintiff was incarcerated for approximately three (3) weeks in the Philadelphia prison system.

23.  Plaintiff was forced by these circumstances, to attend multiple hearings at the Criminal Justice Center in Center City Philadelphia.

24.  Finally, after almost ten (10) tortuous months of criminal proceedings, loss of sleep, inconvenience and loss of work, Plaintiff was found "not guilty" on all charges, due to the overwhelming evidence in his favor.

25.  Throughout this illegal period of incarceration, the Plaintiff was deprived of his constitutional rights, not adequately informed of the charges against him or why he was being held.

26.  Plaintiff's ordeal was exacerbated by the fact that he lost his newly-acquired employment as a direct result of the arrest and incarceration.

27.  As a result of the wrongful arrest and detention by Defendants, Plaintiff suffered severe psychological and physical trauma.  His self-image and self-respect were injured. In addition to this, the Plaintiff has sustained mixed permanent physical, emotional and neurological injuries.  As a result of said injuries, Plaintiff has been unable to eat or sleep properly and has developed an extreme paranoia when confronted by the image or person of a police officer.

28.  As a result of their concerted unlawful, malicious and grossly reckless detention of the Plaintiff, Defendants deprived the Plaintiff of his liberty without due process of law, deprived him of his right to counsel, deprived him of equal protection of the law, subjected him to an unlawful seizure of his person and cruelty in violation of the 4th, 5th, 8th and 14th Amendments of the Constitution of the United States and 42 U.S.C. 1983.

**WHEREFORE**, Plaintiff, James Taylor, demands Judgment against the Defendants, CLIFFORD GILLIAM, SHAWN WITHERSPOON and THE CITY OF PHILADELPHIA, jointly and severally, or in the alternative, for compensatory damages, and further demands Judgment against each of the said Defendants, jointly and severally

for punitive damages, together with costs of suit, interest, attorney's fees, and such other further relief as the Court may deem just and equitable.

## COUNT II

1.  Plaintiff incorporates the allegations contained in Count I as though fully set forth at length herein.

2.  Plaintiff, a resident of the County of Philadelphia, the Commonwealth of Pennsylvania and a citizen of the United States, was acting lawfully at all relevant times.

3.  Plaintiff was, at all times, respectful of police authority and had engaged in no illegal, immoral or improper behavior at all relevant times preceding his arrest.

4.  Suddenly and without any legal justification whatsoever, Defendant, Philadelphia police officers stopped the Plaintiff, rifled through his pockets and in various other ways physically assaulted the Plaintiff.

5.  This illegal and immoral behavior which was perpetrated by these defendants was completely devoid of any legal justification. There was neither "reasonable suspicion" nor probably cause." In fact, Plaintiff had done absolutely nothing which should have warranted police scrutiny.

6.  As a result of this assault, Defendants have deprived the Plaintiff of his right to due process, of his right to equal protection under the laws, and have impeded the course of justice, have physically, psychologically and emotionally scarred the Plaintiff, in violation of the 5th and 14th Amendments of the Constitution of the United States and 42 U.S.C., Section 1983.

**WHEREFORE**, the Plaintiff, James Taylor, demands judgment against all defendants who assaulted and/or wrongfully came into illegal and unjustifiable physical contact with him on or after July 15, 2012 jointly and severally, or in the alternative, for compensatory and/or consequential damages, and further demands Judgment against each of the said Defendants, jointly and severally, for punitive damages, together with costs of suit, interest, attorney's fees, and such other further relief as the Court may deem just and equitable.

### COUNT III

1. Plaintiff incorporates the allegations contained in Courts One and Two as though fully set for the at length herein.

2. Plaintiff had, at all relevant times, behaved in a peaceful and moral manner. Despite this fact, he was wrongfully, illegally and immorally arrested and charged with violation of various criminal statutes. All of these allegations were either fabricated and/or untrue.

3. Based upon these false suppositions, Plaintiff was wrongfully, illegally and immorally arrested and false reasons for incarceration were concocted against the Plaintiff. In addition, Plaintiff was illegally searched.

4. As a result of their concerted unlawful and malicious imposition of false arrest and accusations, Defendants have deprived the Plaintiff of his right to due process, of his right to equal protection of the laws, and have impeded the due course of justice, in violation of the 5th and 14th Amendments of the Constitution of the United States and 42 U.S.C., Section 1983.

**WHEREFORE**, the Plaintiff, James Taylor, demands judgment against all the Defendants, jointly and severally, or in the alternative for compensatory damages, and further demands Judgment against each of the said Defendant, jointly and severally, for punitive damages, together with costs of suit, interest, attorney's fees, and such other further relief as the Court may deem just and equitable.

## COUNT IV

1.  Plaintiff incorporates the allegations contained in Counts One, Two and Three as though fully set forth at length herein.

2.  Without any reasonable or justifiable grounds, Defendant police officers repeatedly assaulted, demeaned, defamed, humiliated, and embarrassed Plaintiff by the repeated use of foul, discriminatory and offensive language directed towards the Plaintiff for the sole purpose of harassment, intimidation and abuse.

3. At no time did Plaintiff make any statements or take any actions calculated to provoke said Defendants' conduct.

4.  As a result of the concerted unlawful, intentionally discriminatory and malicious utterances by the Defendant police officers, Defendants deprived the Plaintiff of his liberty without due process of law and deprived him of equal protection of laws in violation of the 5th and 14th Amendments of the Constitution of the United States and 42 U.S.C., Section 1983.

WHEREFORE, the Plaintiff, James Taylor, demands Judgment against the various Defendants, including the Philadelphia police officers who arrested him, jointly and severally, or in the alternative, for compensatory damages, and further demands

Judgment against each of said Defendants, jointly and severally, for punitive damages, together with costs of suit, interest, attorney's fees, and such other further relief as the Court may deem just and equitable.

## COUNT V

1. Plaintiff incorporates the allegations contained in Counts One, Two, Three and Four as though fully set forth at length herein.

2. At all times relevant to this Complaint, Defendants, Philadelphia police officers and members of the Philadelphia District Attorney's office were acting under the direction and control of the Defendant CITY OF PHILADELPHIA.

3. Acting under color of State law and pursuant to official policy and custom, Defendant CITY OF PHILADELPHIA knowingly, recklessly or with gross negligence failed to instruct, supervise, control of discipline on a continuing basis, Defendant police officers and/or members of the Philadelphia District Attorney's Office in their duties to refrain from:

    (a) Unlawfully and maliciously harassing citizens who were acting in accordance with their constitutional and statutory rights, privileges and immunities;

    (b) Unlawfully and maliciously arresting and prosecuting citizens who were acting in accordance with their constitutional and statutory rights, privileges and immunities;

    (c) Unlawfully and maliciously assaulting and beating citizens, or otherwise using unreasonable and excessive force during the process of making a lawful inquiry regarding an arrest, whether said conduct was lawful or unlawful;

(d)  Unlawfully and maliciously using foul and discriminatory language against citizens who were acting in accordance with their constitutional and statutory rights, privileges and immunities;

(e)  Unlawfully and maliciously refusing to afford constitutional rights to citizens who acted in accordance with their constitutional and statutory rights, privileges and immunities;

(f)  Unlawfully, maliciously and/or negligently arresting citizens and detaining them when said citizens were acting in accordance with their constitutional and statutory rights, privileges and immunities;

(g)  Unlawfully, maliciously and negligently pursuing criminal charges against citizens, with the full knowledge of their innocence of the concocted charges against them, when said citizens were acting in accordance with their constitutional and statutory rights, privileges and immunities;

(h)  Conspiring to violate the rights, privileges and immunities guaranteed to the Plaintiff by the Constitution and laws of the United States and the laws of the Commonwealth of Pennsylvania; and

(i)  Otherwise depriving the Plaintiff of his constitutional and statutory rights, privileges and immunities.

4.  Defendant CITY OF PHILADELPHIA, had it diligently exercised its duties to instruct, supervise, control and discipline on a continuing basis, should have knowledge that the wrongs conspired to be done, as heretofore alleged, were about to be committed.

5.  Defendant CITY OF PHILADELPHIA had the power to prevent or aid in preventing the commission of said wrongs, could have done so by reasonable diligence, and knowingly, recklessly or with gross negligence failed or refused to do so.

6.  Defendant CITY OF PHILADELPHIA directly or indirectly, under color of State law, approved or ratified the unlawful, deliberate, malicious, reckless and wanton conduct of Defendants, Philadelphia police officers and members of the Philadelphia District Attorney's Office, heretofore described.

7.  As a direct and proximate result of the negligent and intentional acts of Defendant CITY OF PHILADELPHIA and the defendants under its control and supervision, as set forth above, Plaintiff suffered physical and psychological injury, loss of income and/or schooling, medical expenses and severe mental anguish in connection with the deprivation of his Constitutional and Statutory Rights guaranteed by the 4th, 5th, 8th and 14th Amendments of the Constitution of the United States and protected by 42 U.S.C., Section 1983.

**WHEREFORE**, the Plaintiff, James Taylor, demands judgment against all the Defendants, jointly and severally, or in the alternative, for compensatory damages, and further demands Judgment against each of the said Defendants, jointly and severally, for punitive damages, together with costs of suit, interest, attorney's fees, and such other further relief as the Court may deem just and equitable.

## JURY DEMAND

Plaintiff respectfully demands trial by jury as to all issues so triable.

**GLEN R. MORRIS, ESQUIRE**
Suite 2226, Land Title Building
100 South Broad Street
Philadelphia, Pennsylvania 19110
(215) 893-1222

DATED: _7/15/14_

Attorney for Plaintiff

## **VERIFICATION**

I verify that the statements made in the foregoing writing and any attachments thereto are true and correct to the best of my information and belief. I understand that false statements therein are made subject to the penalties of 18 Pa.C.S., Section 4904, relating to unsworn falsification to authorities.

JAMES TAYLOR

Date: ___7/15/14___